ACCEPTED
03-15-00436-CV
6130524
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/20/2015 10:23:30 AM
JEFFREY D. KYLE
CLERK

## No. 03-15-00436-CV

### In the Third Court of Appeals
### Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

7/20/2015 10:23:30 AM
JEFFREY D. KYLE
Clerk

### CHARLES O. "CHUCK" GRIGSON,
*Appellant,*

### v.

### THE STATE OF TEXAS; THE TEXAS DEPARTMENT OF INSURANCE; THE TEXAS COMMISSIONER OF INSURANCE; and FARMERS GROUP, INC. ET AL.,
*Appellees.*

On Appeal from the 261st Judicial District Court, Travis County, Texas
Cause No. D-1-GV-02-002501

### APPELLEES' JOINT MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION AND REQUEST FOR EXPEDITED CONSIDERATION OF MOTION

Marcy Hogan Greer
State Bar No. 08417650
mgreer@adjtlaw.com
ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress Ave., Suite 2350
Austin, Texas 78701
Telephone: 512-482-9300
Telecopier: 512-482-9303

M. Scott Incerto
State Bar No. 10388950
scott.incerto@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
Telephone: 512-474-5201
Telecopier: 512-536-4598

**COUNSEL FOR DEFENDANTS-APPELLEES
THE FARMERS PARTIES**

Joshua R. Godbey
State Bar No. 24049996
joshua.godbey@texasattorneygeneral.gov
Ryan S. Mindell
State Bar No. 24089707
ryan.mindell@texasattorneygeneral.gov
Jennifer S. Jackson
State Bar No. 24060004
jennifer.jackson@texasattorneygeneral.gov
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-4209
Fax: (512) 477-2348)

**COUNSEL FOR PLAINTIFFS-APPELLEES, THE
STATE OF TEXAS, THE TEXAS DEPARTMENT
OF INSURANCE, AND THE TEXAS
COMMISSIONER OF INSURANCE**

TO THE HONORABLE COURT OF APPEALS:

Appellees, the State of Texas, the Texas Department of Insurance and the Texas Commissioner of Insurance (jointly, "the State") and the Farmers Parties[1] (together with the State, the "Settling Parties") file this Joint Motion to Dismiss Appeal for Lack of Appellate Jurisdiction and Request for Expedited Consideration of Motion to show the Court as follows:

## PRELIMINARY STATEMENT

On July 15, 2015, Appellant Charles O. "Chuck" Grigson ("Grigson") filed a Notice of Interlocutory Appeal in an attempt to perfect an interlocutory appeal from an order that is not appealable. It is clear from the face of the Order of Preliminary Approval that it only preliminarily approves a class-action settlement agreement and authorizes notice to be sent to the approximately 1.8 million class members by September 4, 2015. It does not certify or refuse to certify a class or take any other action that would permit an interlocutory appeal. To the contrary, the Order expressly states that the settlement classes at issue had been previously certified, in a 2003 order that was appealed and affirmed by the Texas Supreme Court and this Court. The district court rejected Grigson's effort to add

---

[1] Farmers Group, Inc., Fire Underwriters Association, Farmers Underwriters Association, Farmers Insurance Exchange, Fire Insurance Exchange, Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance Company, Farmers Texas County Mutual Insurance Company, Truck Insurance Exchange, and Truck Underwriters Association

certification language to the Order, and Grigson's counsel acknowledged on the record that the Order, which the district court proceeded to enter, would "not have a separate certification or refusal to certify."[2] There is, in short, no basis for an interlocutory appeal in this case.

Grigson's baseless "appeal" is merely a pretext for additional delay of the resolution of a case that was first settled more than a decade ago, but as to which the absent class members have still not been provided notice or an opportunity to be heard. Indeed, he has now filed an Emergency Motion to Stay the sending of class notice, asking this Court to prevent the Settling Parties from providing notice to those class members for an additional, indefinite period of time. This is the same delay tactic that Appellant's counsel used twelve years ago, which has had the effect of keeping the class members from having court-ordered notice of the settlement since 2003. Rather than permitting all class members to have equal access to information about the settlement and an opportunity to be heard, Appellant has thus far manipulated court processes to insulate his sole and absolute

---

[2] This admission of the obvious is particularly striking in light of the Emergency Motion to Stay the Sending of Class Notice that Grigson filed with this Court on July 16, 2015, in which he now tries to take the exact opposite position. In that motion, Grigson's first substantive sentence is that "[t]his is an interlocutory appeal of an order entered on July 6, 2015 certifying a settlement class action." *See* Motion to Stay at 2 ¶ 1. This statement—when considered in light of (1) the actual language of the Preliminary Approval Order, (2) the decisions affirming class certification in this case by both the Texas Supreme Court and this Court, and (3) Grigson's counsel's own words to the district court—can most charitably be described as flatly untrue.

2

control of the litigation challenging the propriety of this settlement. The frivolous appeal filed in this Court is merely the latest effort in a decade-long endeavor to preclude absent class members from receiving notice of the preliminarily approved settlement.

The Settling Parties respectfully request that the Court grant expedited consideration of this request and dismiss the appeal so that the settlement of this case can go forward in compliance with the district court's order.

## BACKGROUND FACTS[3]

Twelve years ago, the district court certified settlement classes and preliminarily approved an unprecedented settlement between Plaintiffs-Appellees, the State, and the Defendants-Appellees, the Farmers Parties. The monetary consideration—valued at $117 million—overwhelmingly benefitted millions of Farmers policyholders represented by the Attorney General. Five intervenors objected to the 2003 Settlement Agreement and filed interlocutory appeals as to the class certification decision. They also obtained a stay of the class notice, and as a result, the 1.8 million class members have never received notice of the settlement.

Both the Texas Supreme Court and this Court upheld the certification decision,[4] and on remand, the parties adjusted their settlement to account for the

---

[3] These facts are in the personal knowledge of the undersigned, and so, no affidavit in support is needed. TEX. R. APP. P. 10.2.

3

passage of time and address some concerns raised by the district court and again sought preliminary approval—this time of the Second Amended Settlement Agreement and Stipulation, as supplemented ("Settlement Agreement"). Significantly, the Settlement Agreement did not revise or alter in any way the defined class of beneficiaries of the settlement, and the classes certified in 2003 thus remain unchanged. *Compare* Ex. 1 at 2-3 ¶ 2, Order of Preliminary Approval (July 6, 2015), *with* Ex. 2 at 2-3 ¶ 2, Order of Preliminary Approval (June 27, 2003).

Grigson, represented by counsel for an earlier intervenor, Jan Lubin, intervened in this case and objected to the current Settlement Agreement.[5] After a two-day evidentiary hearing, the district court preliminarily approved the Settlement Agreement. In its July 6, 2015, Order of Preliminary Approval ("Preliminary Approval Order"), the district court expressly stated that it had "previously certified" the settlement classes at issue and that its earlier certification decision had "been affirmed in its entirety by the appellate courts of Texas." Ex. 1 at 2-3 ¶ 2, Preliminary Approval Order (July 6, 2015).

---

[4] *See Farmers Grp., Inc. v. Lubin*, 222 S.W.3d 417, 420, 427-28 (Tex. 2007); *Lubin v. Farmers Grp., Inc.*, No. 03-03-00374-CV, 2009 WL 3682602, at *26-32 (Tex. App.—Austin Nov. 6, 2009, no pet.).

[5] Several other individuals also intervened (Michael J. Woods and Gerald and Lesly Hooks) but they have not filed a notice of appeal to date.

At the conclusion of the preliminary approval hearing, Grigson objected to the Preliminary Approval Order precisely because it did not contain any language about re-certification of the classes; the district court refused to include any such language. Ex. 3, 7/2/2015 Hearing Tr. 122:5-123:12, 133:20-134:18. Grigson's counsel subsequently acknowledged on the record that the Preliminary Approval Order "will not have a separate certification or refusal to certify." *Id.* at 134:14-16. Grigson has nonetheless appealed, claiming that § 51.014(a)(3) provides interlocutory appellate jurisdiction over the district court's Preliminary Approval Order.

## ARGUMENT

As a general rule, an appeal may be taken only from a final judgment. There are exceptions to this rule, but they must be specifically authorized by statute. Because interlocutory orders are immediately appealable only in limited situations, statutes authorizing interlocutory appeals are strictly construed. *Rig Tools, Inc.*, No. 06-13-0001-CV, 2013 WL 177419, at *1 (Tex. App.—Texarkana Jan. 17, 2013, no pet.) (mem. op.); *King-A Corp. v. Wehling,* No. 13-13-00100-CV, 2013 WL 1092209, at *2 (Tex. App.—Corpus Christi Mar. 14, 2013, no pet.) (mem. op.).

Section 51.014(a)(3) permits an interlocutory appeal from an order that "certifies or refuses to certify a class in a suit brought under Rule 42 of the Texas

5

Rules of Civil Procedure," TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(3), but it is a very limited scope of appeal, in light of the "Legislature's intent that section 51.014 be strictly construed as 'a narrow exception to the general rule that only final judgments and orders are appealable.'" *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001) (quoting *Montgomery County v. Fuqua*, 22 S.W.3d 662, 665 (Tex. App.—Beaumont 2000, pet. denied)). Indeed, the Texas Supreme Court has expressly recognized that this appellate jurisdictional grant does not even encompass orders refusing to decertify a class. *See Bally*, 53 S.W.3d at 355, 358 ("[T]he trial court's orders overruling Bally's motions to decertify do not fit within the [] test for interlocutory-appeal jurisdiction.").

Although the Appellant has invoked Section 51.014(a)(3) of the Texas Civil Practice and Remedies Code, that provision does not apply because the district court did not sign an order certifying or refusing to certify a class. To the contrary, the district court certified settlement classes in 2003. Ex. 2, Order of Preliminary Approval (June 27, 2003). That certification decision has been affirmed in its entirety by the Texas Supreme Court and this Court. *See Farmers Grp., Inc. v. Lubin*, 222 S.W.3d 417, 420, 427-28 (Tex. 2007) (holding that "the standard class action requirements must be applied generally to the claims asserted by Attorney General, not the Attorney General himself," and directing court of appeals to address intervenors' remaining points of error on remand); *Lubin v. Farmers Grp.,*

6

*Inc.*, No. 03-03-00374-CV, 2009 WL 3682602, at \*26-32 (Tex. App.—Austin Nov. 6, 2009, no pet.) (overruling intervenors' remaining objections to certification).[6] And the certified classes have not been changed or modified in any respect since affirmed on appeal.

Nothing in the district court's Preliminary Approval Order certifies or refuses to certify a class. The district court does not even address the settlement classes except to the extent of acknowledging its prior certification and the appellate history. Ex. 1 at 2-3 ¶ 2, Preliminary Approval Order (July 6, 2015). Thus, the Preliminary Approval Order is not an order "certifying or refusing to certify a class" from which an interlocutory appeal may be taken.[7] *Bally*, 53 S.W.3d at 354.

---

[6] In fact, the certification issues are now law of the case, and Grigson has offered no basis for disturbing those findings. *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 182 (Tex. 2012) (Under the law-of-the-case doctrine, a decision from a prior appeal is binding in later proceedings involving the same case.).

[7] The statute additionally requires that the certification order challenged be based on Texas Rule of Civil Procedure 42. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(3) (expressly referencing class certification decisions "under Rule 42 of the Texas Rules of Civil Procedure"). In the proceedings on interlocutory appeal with respect to the class certification decision in 2003 in this case, intervenor Lubin (represented by the same counsel as Grigson is here) argued that this statute applied only to certification decisions made under Rule 42, and not to certification decisions made under the class action provisions of the Texas Insurance Code. *See Lubin*, 222 S.W.3d at 420-21. The Texas Supreme Court assumed without deciding that "the Legislature intended to allow interlocutory review of Rule 42 classes but not Insurance Code classes" but held that even if that were the case, there was jurisdiction to review the 2003 order because the district court relied on both Rule 42 and the Insurance Code. *See id.* at 421. The Supreme Court and this Court on remand then proceeded to hold that the settlement classes were properly certified under the Insurance Code. This chain of events exposes another flaw in Appellant's basis for invoking this jurisdiction. Appellant's theory appears to be that—notwithstanding the

7

Nor can the putative interlocutory appeal be grounded in any other grant of appellate jurisdiction. There is not a single Texas case where an appellate court has even reviewed—much less reversed—a trial court's ruling granting preliminary approval of a class action settlement. As the Texas Supreme Court has explained, a class action settlement:

> does not gain legal effect until the trial court gives its final approval. the trial court has a duty at the fairness hearing to examine the proposed settlement thoroughly, with input from objectors, and may approve the settlement only if the court determines that it is fair. Until then, the proposed settlement's terms do not affect the parties or the proceedings, and appellate review is premature.

*McAllen Med. Ctr., Inc. v. Cortez*, 66 S.W.3d 227, 234 (Tex. 2001).

Furthermore, the Settling Parties respectfully submit that it is imperative that this appeal be dismissed as soon as possible. The existence of this frivolous appeal is the basis upon which Grigson seeks to stay the sending of class notice. And any such delay in distributing the notice is highly prejudicial to the Settling Parties, not to mention the absent class members who Grigson and his counsel have managed to keep in the dark about the details of the proposed settlement for more than a

---

lack of any certification language in the Preliminary Approval Order—it should be deemed to somehow have implicitly re-certified the settlement classes. But even if that were correct (and it plainly is not), any such certification order would have been based on the Insurance Code provisions, consistent with the holdings of the Texas Supreme Court and this Court earlier in this case. In other words, the invented "certification" that Appellants ask the Court to infer in this case would, if it existed, have been based on the Insurance Code class action provision, not Rule 42. And under Appellant's counsel's own argument before the Texas Supreme Court, such a (hypothetical) order could not be the basis for an appeal under section 51.014(a)(3).

8

decade. The Settling Parties are actively engaged in preparing the class notice for dissemination to meet the district court's 60-day notice deadline. That process is complicated, considering that the class notice must be printed and mailed to over 1.8 million class members by September 4. Any further delay in sending the notice is unwarranted because there is no conceivable basis for an interlocutory appeal to this Court. And the other 1.8 million class members are entitled to be informed of the settlement so they can make their own decisions about its benefits. Moreover, delay in sending class notice could result in further delay in conducting the final fairness hearing, thus putting off the Settling Parties' 12-plus-year effort to distribute the benefits of the settlement to class members.

In sum, this appeal should be dismissed because the limited grant of appellate jurisdiction under § 51.014(a)(3) of the Texas Civil Practice and Remedies Code invoked by Appellant Grigson does not include an order of preliminary approval of a class action settlement. And it should be dismissed on an expedited basis, because further delay is prejudicial to the parties and the absent class members.

## CONCLUSION AND PRAYER

For these reasons, the Settling Parties request that the Court: (i) expedite consideration of this request; (ii) grant the Appellees' Joint Motion to Dismiss for

9

Lack of Appellate Jurisdiction; (iii) dismiss this appeal; and (iv) grant such other and further relief to which the Appellees are entitled.

Date: July 20, 2015

Respectfully submitted,

/s/ *M. Scott Incerto*
Marcy Hogan Greer
State Bar No. 08417650
mgreer@adjtlaw.com
ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
Telephone: (512) 482-9300
Facsimile: (512) 482-9303

M. Scott Incerto
State Bar No. 10388950
scott.incerto@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
Telephone: 512-474-5201
Telecopier: 512-536-4598

Darryl W. Anderson
State Bar No. 24008694
darryl.anderason@nortonrosefulbright.com
Geraldine W. Young
State Bar No. 24084134
geraldine.young@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010 3095
Telephone: 713 651 5151
Telecopier: 713 651 5246

**ATTORNEYS FOR DEFENDANTS-APPELLEES FIRE UNDERWRITERS ASSOCIATION, FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIATION, FARMERS INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, TEXAS FARMERS INSURANCE COMPANY, MID-CENTURY INSURANCE COMPANY OF TEXAS, MID-CENTURY INSURANCE COMPANY, FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, TRUCK INSURANCE EXCHANGE, AND TRUCK UNDERWRITERS ASSOCIATION**

11

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ROBERT O'KEEFE
Division Chief
Financial Litigation, Tax, and Charitable Trusts Division

 /s/ *Joshua R. Godbey*
JOSHUA R. GODBEY
Assistant Attorney General
LEAD ATTORNEY
State Bar No. 24049996
Telephone: (512) 475-4209
joshua.godbey@texasattorneygeneral.gov
RYAN S. MINDELL
Assistant Attorney General
State Bar No. 24089707
Telephone: (512) 936-1721
ryan.mindell@texasattorneygeneral.gov
JENNIFER S. JACKSON
Assistant Attorney General
State Bar No. 24060004
Telephone: (512) 463-9917
jennifer.jackson@texasattorneygeneral.gov
Financial Litigation, Tax, and Charitable Trusts Division
P.O. Box 12548
Austin, Texas  78711-2548
Fax: (512) 477-2348)

**ATTORNEYS FOR PLAINTIFFS-APPELLEES, THE STATE OF TEXAS, THE TEXAS DEPARTMENT OF INSURANCE, AND THE TEXAS COMMISSIONER OF INSURANCE**

**CERTIFICATE OF SERVICE**

On July 20, 2015, I electronically filed the Appellees' Joint Motion to Dismiss for Lack of Appellate Jurisdiction and Request for Expedited Consideration of Motion with the Clerk of the Court using the eFile.TXCourts.gov electronic filing system which will send notification of such filing to the following (unless otherwise noted below).

Joe K. Longley
Philip K. Maxwell
1609 Shoal Creek Blvd. # 100
Austin, TX 78701
Joe@JoeLongley.com
phil@philmaxwell.com

*Counsel for Appellant Charles O. "Chuck" Grigson*

Joseph C. Blanks
P.O. Box 999
Doucette, TX 75942
blanxlex@gmail.com

*Counsel for Intervenor Gerald and Lesly Hooks*

Michael J. Woods
8620 N. New Braunfels, Ste. 522
San Antonio, TX 78217
MichaelJWoods@sbcglobal.net

*Pro Se Intervenor/Objector*

/s/ *M. Scott Incerto*
M. Scott Incerto

13

**CERTIFICATE OF CONFERENCE**

I certify that, on July 16, 2015, I conferred with Joe K. Longley, counsel for Charles O. "Chuck" Grigson, about the merits of the foregoing motion, pursuant to Texas Rule of Appellate Procedure 10.1(a)(5), and he stated that Grigson is opposed to the motion.

/s/ *M. Scott Incerto*
*M. Scott Incerto*

**CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4(i)**

I certify that the foregoing document contains 2,412 words and complies with the word limit set forth in Texas Rule of Appellate Procedure 9.4(i).

/s/ *M. Scott Incerto*
*M. Scott Incerto*

No. 03-15-00436-CV

---

**In the Third Court of Appeals**
**Austin, Texas**

---

## CHARLES O. "CHUCK" GRIGSON,
*Appellant,*

v.

## THE STATE OF TEXAS; THE TEXAS DEPARTMENT OF INSURANCE; THE TEXAS COMMISSIONER OF INSURANCE; and FARMERS GROUP, INC. ET AL.,
*Appellees.*

---

On Appeal from the 261st Judicial District Court
Travis County, Texas
Cause No. GV-202501

---

## APPENDIX TO APPELLEES' JOINT MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION AND REQUEST FOR EXPEDITED CONSIDERATION OF MOTION

---

**Exhibit 1**    July 6, 2015, Order of Preliminary Approval (certified)

**Exhibit 2**    June 27, 2003, Order of Preliminary Approval (certified)

**Exhibit 3**    7/2/2015 Preliminary Approval Hearing Transcript (certified)

# Exhibit 1

**TO APPELLEES' JOINT MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION AND REQUEST FOR
EXPEDITED CONSIDERATION OF MOTION**

CAUSE NO. GV202501

| | | |
|---|---|---|
| THE STATE OF TEXAS, THE TEXAS DEPARTMENT OF INSURANCE, and THE TEXAS COMMISSIONER OF INSURANCE, | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | |
| FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIATION, FIRE UNDERWRITERS ASSOCIATION, FARMERS INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, TEXAS FARMERS INSURANCE COMPANY, MID-CENTURY INSURANCE COMPANY OF TEXAS, MID-CENTURY INSURANCE COMPANY, FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, TRUCK INSURANCE EXCHANGE, and TRUCK UNDERWRITERS ASSOCIATION, | § § § § § § § § § § § § § § § | OF TRAVIS COUNTY, TEXAS

261ST JUDICIAL DISTRICT |
| Defendants. | | |

## ORDER OF PRELIMINARY APPROVAL

This matter came on for hearing on July 1 and 2, 2015, for preliminary approval of the Second Amended Settlement Agreement and Stipulation of December 18, 2002, as amended on June 13, 2003, and as further amended on August 29, 2013, and the Supplement to the Second Amended Settlement Agreement and Stipulation of March 4, 2015 (collectively referred to as "Second Amended Settlement Agreement" or "Settlement Agreement") between the State of Texas, the Texas Department of Insurance, and the Texas Commissioner of Insurance, on behalf of Texas policyholders of the Defendants in the classes defined below (collectively, the "State") and Fire Underwriters Association, Farmers Group, Inc. d/b/a Farmers Underwriters Association,



1



Farmers Insurance Exchange, Fire Insurance Exchange, Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance Company, Farmers Texas County Mutual Insurance Company, Truck Insurance Exchange, and Truck Underwriters Association (collectively, the "Farmers Parties"). The State and the Farmers Parties have moved jointly, pursuant to Texas Rule of Civil Procedure Rule 42(e) and Texas Insurance Code § 541.266, for an Order of Preliminary Approval ("Order") (1) preliminarily approving the settlement of all claims asserted in the above-captioned cause ("Action"), the terms of which are set forth in the Second Amended Settlement Agreement, which has been filed with the Clerk of the Court, and (2) approving the proposed notice to the Classes.

The Court having read and considered the Second Amended Settlement Agreement and attached exhibits, including the proposed Notice of Proposed Class Settlement, the proposed Claim Form, the proposed form of Final Judgment, exhibits, pleadings and record in this case, the evidence and other materials presented at the hearing, and argument of counsel and applicable authorities, finds that there exists substantial and sufficient grounds for entering this Order.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement.

2.     The Court has previously certified, only for purposes of effectuating the Settlement Agreement, the following Settlement Classes ("Settlement Classes"):

> (i)     All of the Exchanges' Texas homeowners insurance policyholders (a) whose homeowners insurance policy incepted (including renewals) from December 28, 2001, through and including December 27, 2002, or (b) who received a notice at any time after November 14, 2001, that their HO-B policy would not be renewed ("Rate Class");

2



(ii)    All of the Exchanges' Texas homeowners insurance policyholders who according to Farmers' records were eligible to receive discounts for FPRA, age of home, or territory from November 16, 2000, through and including December 10, 2002 ("Discount Class"); and

(iii)    All Texas homeowners or automobile insurance policyholders of the Exchanges or the Automobile Insurance Providers who according to Farmers' records were provided or should have been provided a Credit Usage Notice from October 1, 1999, through February 28, 2003 ("Credit Usage Notice Class")

That certification decision has been affirmed in its entirety by the appellate courts of Texas. *Farmers Grp., Inc. v. Lubin*, 222 S.W.3d 417, 420, 427-28 (Tex. 2007) (holding that "the standard class action requirements must be applied generally to the claims asserted by Attorney General, not the Attorney General himself," and directing court of appeals to address intervenors' remaining points of error on remand); *Lubin v. Farmers Grp., Inc.*, No. 03-03-00374-CV, 2009 WL 3682602, at *26-32 (Tex. App.—Austin Nov. 6, 2009, no pet.) (overruling intervenors' other objections to certification).

5.    The Court further finds that at no time during the course of this litigation has there been any collusion whatsoever between the State and the Farmers Parties with respect to negotiating the Settlement Agreement and that the State has represented, and will continue to represent, the interests of the Farmers' policyholders fairly and adequately and without a conflict of interests. Accordingly, the Court preliminarily approves: (a) the Second Amended Settlement Agreement, including the terms and the releases contained in it, as being fair, just, reasonable, and adequate as to the Settlement Classes; and (b) the Settlement Funds described in the Settlement Agreement, including the Prospective Rate Reduction, Retrospective Rate Reduction, Individualized Discount Adjustment, Credit Usage Notice Fund, and the proposed additional consideration, subject to the right of any member of the Settlement Classes to exclude himself or herself from the Settlement Classes in accordance with the terms set forth in the Settlement

3



Agreement, and to show cause, if any exists, why a Final Judgment should not be entered in accordance with the terms of the Settlement Agreement.

6.      A hearing ("Settlement Hearing") shall be held before this Court on February 1, 2016, at 9:00 a.m. in the 53rd Judicial District Court Room:  (a) to determine whether the proposed Second Amended Settlement Agreement is fair, reasonable, and adequate and should be approved, and whether the Final Judgment should be entered as to claims asserted in this litigation, or which could have been asserted, against the Released Parties on the merits; (b) to determine whether the Settlement Classes members' right to adequate representation has been satisfied; and (c) to reserve jurisdiction to effect and enforce the Settlement Agreement.

7.      The Farmers Parties shall disseminate notice of the proposed Second Amended Settlement Agreement and Settlement Hearing to putative members of the Settlement Classes within sixty (60) days of the date of this Order.  The Court approves Rust Consulting, an independent third-party settlement administrator, as Farmers' agent to carry out the notice campaign and settlement administration as approved by the Court.  A copy of the Notice of Proposed Class Settlement ("Notice"), together with a copy of the Claim Form, substantially in the forms attached as Exhibits 1 and 2, shall be mailed by first-class U.S. mail, postage prepaid, to all members of the Settlement Classes at the address of each such person as set forth in the records of the Released Parties or as otherwise may be identified through reasonable effort, as more thoroughly explained in the March 28, 2014, Affidavit of Kimberly K. Ness and the May 29, 2015, Declaration of Joel K. Botzet of Rust Consulting.  In addition, commencing within seven (7) days of the date of this Order and continuing until the date of the Settlement Hearing, the Office of the Attorney General, the Texas Department of Insurance, and the Farmers Parties shall    post    on    their    respective    Internet    web-sites    (www.texasattorneygeneral.gov,

4



www.tdi.texas.gov and www.farmers.com), as well as at www.TexasFarmersSettlement.com, a Summary Notice of Settlement, substantially in the form attached as Exhibit 3 ("Summary Notice") (in both English and Spanish). The Court will permit the Parties to the Settlement Agreement to additionally post the following items on the TexasFarmersSettlement.com website: (a) a copy of the executed Second Amended Settlement Agreement (and exhibits) and (b) Commonly Asked Questions and Answers that are either approved by the Parties or ordered by the Court.

8.     The Court approves the form of the class Notice, the Summary Notice, and the Claim Form, and finds that the procedures established for mailing and distributing such notices substantially in the manner and form set forth in paragraph 7 of this Order meet the requirements of Rule 42 of the Texas Rules of Civil Procedure and §§ 541.261 and 541.267(b) of the Texas Insurance Code, and due process, and constitute the best notice practicable under the circumstances.

9.     To effectuate the provision of notice provided in paragraph 7 above, the Farmers Parties shall be responsible for the receipt of all responses from the members of the Settlement Classes and, until further order of this Court, shall preserve all entries of appearance, Claim Forms, requests for exclusion, and any and all other written communications from members of the Settlement Classes or any other person in response to the Notice. The costs of notification of the Settlement Classes as provided in this Order, including printing, mailing, and posting on the Internet of the required notices shall be borne by the Party charged with the responsibility for such actions in paragraph 7 this Order.

10.     Three (3) days before the date fixed by this Court for the Settlement Hearing, the State and the Farmers Parties shall cause to be filed with the Clerk of the Court affidavits or



declarations of the person or persons under whose general direction the mailing of the Notice and the distribution of the Summary Notice by posting on the web-sites identified in paragraph 7 shall have been made, showing that such mailing and distribution have been made in accordance with this Order.

11. Each member of the Settlement Classes will be bound by the proposed settlement provided for in the Settlement Agreement, and by the Final Judgment or any other determination by this Court affecting the Settlement Classes, unless such member shall mail, by first-class U.S. mail, a written request for exclusion from the Settlement Classes, post-marked no later than November 13, 2015, addressed to State of Texas v. Farmers Settlement Administrator, Rust Consulting, Inc.; P.O. Box 9348; Minneapolis, MN, 55440-9348. Such request for exclusion must state: (a) the name, address and telephone number of the person seeking exclusion; (b) whether such person has a homeowners or automobile insurance policy from the Farmers Parties, or both; (c) the date of inception of such policy(ies) and the most recent date of renewal for such policy(ies), if available; (d) the policy number(s), if available; and (e) that the person making the request wishes to be excluded from the Settlement Classes. Because the Settlement Agreement is intended to be a resolution of all Released Claims, any person requesting exclusion must either exclude himself or herself from the Settlement Agreement in its entirety, or submit to the Settlement Agreement in its entirety. A request for exclusion shall not be effective unless it is made in the manner and within the time set forth in this paragraph and in the Notice. If a member of the Settlement Classes requests to be excluded, that person will not receive any benefit from the Retrospective Rate Reduction, the Individualized Discount Adjustment, or the Credit Usage Notice Fund provided for in the Settlement Agreement, in the event the Settlement Agreement is approved by the Court. Nor will such person be permitted to participate further in

6



the Action. Any Class Member who does not request exclusion in the manner provided for in this Order may, but need not, enter an appearance in this Action at his or her own cost through counsel of his or her own choice. If a member of the Settlement Classes does not enter an appearance, that person's interests will be represented by the State in the Action.

12.      Any member of the Settlement Classes who has not requested exclusion from the Settlement Classes may appear at the Settlement Hearing, in person or through counsel, to object and be heard in opposition to any of the matters to be heard at the Settlement Hearing, including (a) the requested approval of the Settlement Agreement as fair, adequate, and reasonable, and/or (b) the requested entry of the Final Judgment. A member of the Settlement Classes cannot request exclusion from the Settlement Classes AND object to the Settlement Agreement. For any objection to be considered by the Court, the objector must mail a valid written objection, and it must be postmarked by no later than November 13, 2015. In order to be valid, the written objection must set forth: (a) a reference, at the top, to "State of Texas v. Farmers, Cause No. GV202501;" (b) a statement as to whether the objector intends to appear at the Settlement Hearing, either in person or through counsel; (c) a detailed statement of the specific basis for the objection; (d) the name that is set forth on the Notice that was sent to the objector; (e) the objector's current name, if different from the name set forth on the Notice; (f) the objector's current address; (g) the objector's current telephone number and, if available, telecopier number; (h) the objector's type of policy and policy number; and (i) the objector's signature or that of his or her authorized representative. Three copies of the written objection must be sent, the first addressed to the District Clerk of Travis County, Texas, 1000 Guadalupe Street, Austin, Texas 78701, the second addressed to Joshua R. Godbey, Assistant Attorney General, Financial Litigation, Tax, and Charitable Trusts Division, Office of the Attorney General, P.O. Box 12548,



Austin, Texas 78711-2548, and the third addressed to M. Scott Incerto, Norton Rose Fulbright US LLP, 98 San Jacinto Boulevard, Suite 1100, Austin, Texas 78701. If an objection does not include all of the required information or if it is not timely mailed to the three correct addresses, then it shall be invalid, and it will not be considered by the Court. Any member of the Settlement Classes who does not object in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement Agreement and the proposed Final Judgment. Any replies to such objections shall be filed by December 15, 2015.

13.     If the Court gives final approval to the Settlement Agreement and enters a final judgment, in order to be entitled to participate in the Credit Usage Notice Fund portion of the Settlement Agreement, a member of the Credit Usage Notice Class who has not requested exclusion from the Settlement Classes must submit a Claim Form, substantially in the form attached as Exhibit 2, to the Claims Administrator at the address set forth in the Notice. Such Claim Form must be completed and postmarked on or before April 1, 2016. Any member of the Credit Usage Notice Class who does not submit a completed Claim Form and follow the process for certifying review of his or her individual credit report as provided for in section IV(4) of the Settlement Agreement shall not be entitled to share in the Credit Usage Notice Fund, but nonetheless shall be bound by the terms of the Second Amended Settlement Agreement and by the Final Judgment and any other Order of this Court approving the Second Amended Settlement Agreement, including all releases, and shall be barred and enjoined in this or any other action from asserting any Released Claims.

14.     Members of the Rate and Discount Classes shall automatically receive their share of Settlement Funds within 30 days after the Effective Date of the Second Amended Settlement

8



Agreement, unless they file a written request for exclusion from the Settlement Classes as provided in paragraph 11 above.

15. The Court expressly retains the power to adjourn the Settlement Hearing, without any further notice other than an announcement at the Settlement Hearing of adjournment, and to approve, modify, or disapprove the Second Amended Settlement Agreement without further notice to members of the Settlement Classes. The Court retains jurisdiction over this Action to consider all further applications arising out of or connected with the proposed settlement.

16. The administration of the Second Amended Settlement Agreement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Settlement Fund, shall be under the authority of the Court. The Parties to this Second Amended Settlement Agreement, their counsel in any capacity in which they may act in implementation and fulfillment of the Settlement Agreement, and any employees or agents of such law firms or the Parties to the Second Amended Settlement Agreement (including, without limitation, those employees who may furnish services in connection with the proposed Settlement) shall not be liable for anything done or omitted in connection with the Second Amended Settlement Agreement and its administration except for their own willful misconduct.

17. The Parties to the Settlement Agreement are directed to carry out their obligations under the Second Amended Settlement Agreement.

18. In the event that the Second Amended Settlement Agreement is not approved by the Court, or the Court enters the Final Judgment and it is vacated or modified on appeal, or otherwise altered in a material way, or the Effective Date for any other reason does not occur, and if any Party to the Second Amended Settlement Agreement accordingly exercises its right to



terminate the Settlement Agreement pursuant to its terms, then the Second Amended Settlement Agreement and any actions to be taken in connection with it shall be vacated and terminated and shall become null and void for all purposes, and all negotiations, transactions and proceedings connected with it (a) shall be without prejudice to the rights of any Party; (b) shall not be deemed or construed as evidence or an admission by any Party of any fact, matter or thing; and (c) shall not be admissible in evidence or used for any purpose in any subsequent proceeding in the Action, or any other action or proceeding in this or any other forum, judicial, administrative, or otherwise, except proceedings to enforce the Settlement.

SIGNED _July 6, 2015_____, 2015.

_____
PRESIDING JUDGE



# Exhibit 1



<u>261ST DISTRICT COURT OF TRAVIS COUNTY, TEXAS</u>

# If You Had Certain Home or Auto Insurance in Texas,

## You May Be Eligible for Benefits from a Class Action Settlement.

*A Texas court authorized this notice. This is not a solicitation from a lawyer.*

- You have been identified from Farmers' records as someone who had a homeowners or automobile insurance policy in Texas between October 1999 and February 2003.

- A Settlement has been reached with certain Insurance Exchanges and Providers ("the Defendants," *see* Question 1 for a complete list) in a class action lawsuit about the pricing and marketing of certain homeowners and automobile insurance policies. Generally, the Settlement includes Texas homeowners or automobile insurance policyholders who had certain types of insurance policies with the Defendants between October 1, 1999 and February 28, 2003 (*see* Questions 5 & 6).

- The Settlement provides payments to eligible policyholders for rate reductions or discounts on past insurance premiums and free credit reports and payments of $35 for not receiving adequate notice from the Defendants about their use of credit information (*see* Question 9).

  **Your legal rights are affected even if you do nothing. Please read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM** | The only way to get a payment under the Credit Usage Fund (*see* Question 13). |
| **ASK TO BE EXCLUDED** | Get no benefits from the Settlement. This is the only option that allows you to sue the Defendants over the claims resolved by this Settlement. |
| **OBJECT** | Write to the Court if you don't like the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Receive payment (if eligible) as a member of the Rate Class or Discount Class. Do not receive payment under the credit usage fund. Give up rights to pursue your own lawsuit about the claims this Settlement resolves. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will only be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

QUESTIONS? CALL 1-888-222-0691 OR VISIT <u>WWW.TEXASFARMERSSETTLEMENT.COM</u>
PARA UNA NOTIFICACIÓN IN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE.



## What This Notice Contains

**BASIC INFORMATION** ................................................................................. 3
    1.     Why is there a notice?
    2.     What is this lawsuit about?
    3.     Why is this a class action?
    4.     Why is there a Settlement?

**WHO IS PART OF THE SETTLEMENT?** ................................................. 4
    5.     Who is included in the Settlement?
    6.     What type of insurance policies are involved in the Settlement?
    7.     What is a Credit Usage Notice?
    8.     What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** ............................................................... 5
    9.     What does the Settlement provide?
    10.    What can I get from the Settlement?
    11.    When will I receive my payment?
    12.    What am I giving up to stay in the Settlement Class?

**HOW TO GET BENEFITS** ........................................................................ 6
    13.    How do I get benefits?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................ 7
    14.    How do I get out of the Settlement?
    15.    If I do not exclude myself, can I sue the Defendants for the same thing later?
    16.    If I exclude myself, can I still get benefits from this Settlement?
    17.    What about other cases involving the issues in this case?

**WHO REPRESENTS ME IN THIS CASE?** .............................................. 8
    18.    Who represents my interests in this case?

**OBJECTING TO THE SETTLEMENT** ....................................................... 8
    19.    How do I tell the Court if I do not like the Settlement?
    20.    What is the difference between objecting and asking to be excluded?

**THE SETTLEMENT HEARING** ................................................................. 9
    21.    When and where will the Court decide whether to approve the Settlement?
    22.    Do I have to attend the hearing?
    23.    May I speak at the hearing?

**GETTING MORE INFORMATION** ............................................................. 9
    24.    How do I get more information?

QUESTIONS? CALL 1-888-222-0691 OR VISIT WWW.TEXASFARMERSSETTLEMENT.COM



## BASIC INFORMATION

### 1. Why is there a notice?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to give final approval to the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Scott H. Jenkins of the 261st Judicial District Court of Travis County, Texas is overseeing this case. This litigation is known as *State of Texas v. Farmers Group, Inc.,* No. GV202501. The people who sued are called the "Plaintiffs." The Defendants are: Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, Fire Insurance Exchange, Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance Company, Farmers Texas County Mutual Insurance Company, Truck Insurance Exchange, and Truck Underwriters Association.

### 2. What is this lawsuit about?

The lawsuit claims that, during 1999 to 2003, the Defendants:

- Charged rates that resulted in excessive premiums for its homeowners policies written on a form approved by the Texas Department of Insurance ("TDI") called the HO-A and used unfair or deceptive practices involving the determination of certain fees, discounts, and policy offerings, and improper use of credit scoring and certain risk assessments.

- Failed to provide adequate notices that information on certain policyholders' credit reports may have impacted their premiums or policy placement and used anticompetitive practices in the sale and marketing of homeowners and automotive insurance policies.

- Improperly stopped offering a type of homeowners policy called the HO-B.

The Defendants deny these claims and maintain they did nothing wrong.

### 3. Why is this a class action?

In a class action, one or more people or entities sue on behalf of themselves and other people with similar claims. All of these people together are the "class" or "class members." In this case, the representative entities are the State of Texas, the TDI, and the Texas Commissioner of Insurance. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4. Why is there a Settlement?

The Court has not decided in favor of the Plaintiffs or the Defendants. Instead, both sides have agreed to a Settlement. By agreeing to the Settlement, the Parties avoid the costs and uncertainty of a trial, and Class Members receive the benefits described in this notice. The proposed Settlement does not mean that any law was broken or that the Defendants did anything wrong. The Defendants deny all legal claims in this case. The TDI, the Texas Commissioner of Insurance, and the Attorney General of Texas think the proposed Settlement is best for everyone who is affected.

QUESTIONS? CALL 1-888-222-0691 OR VISIT WWW.TEXASFARMERSSETTLEMENT.COM



## WHO IS PART OF THE SETTLEMENT?

If you received this notice addressed to you in the mail (without requesting it), then you may be a member of one or more Settlement Classes. But even if you did not receive a notice, you may be a Class Member, as described below.

| 5. Who is included in the Settlement? |
|---|

The Settlement includes three Classes. You may be member of more than one Class. You are included if you are or were covered under an included Texas policy issued by one of the Defendants and you meet the following criteria:

| CLASS | TYPE OF POLICY | CLASS DEFINITION |
|---|---|---|
| Rate Class | Homeowners policy | Policy began (or was renewed) from December 28, 2001 through November 10, 2002, or you received a notice at any time after November 14, 2001, that your HO-B policy would not be renewed (*see* Question 6). |
| Discount Class | Homeowners policy | Policy where, according to Defendants' records, you are eligible under the Settlement to receive recalculated discounts on your premiums from November 16, 2000 through December 10, 2002. |
| Credit Usage Notice Class | Homeowners or automobile insurance policy | Policy where, according to Defendants' records, you were provided or should have been provided a Credit Usage Notice from October 1, 1999 through February 28, 2003. |

| 6. What types of insurance policies are involved in the Settlement? |
|---|

The Settlement includes Farmers homeowners policies written on TDI-endorsed forms described as HO-A (including TDP-1), HO-B (including HO-Protector Plus, HO380 endorsement, TDP-2, TDP-3, DF-Builders Risk, and HO-A with HO-170 endorsement), HO-B-CON, and HO-B-T, and all endorsements approved by TDI for use with such forms during the time periods described above. It also includes Farmers private passenger automobile insurance policies during the same time.

| 7. What is a Credit Usage Notice? |
|---|

A Credit Usage Notice is a notice of "adverse action" under the Fair Credit Reporting Act ("FCRA"), a U.S. federal law. Adverse action could mean being denied credit, receiving substandard terms from a lender, or, as in this case, receiving higher insurance rates or being placed with a different insurer because of your credit information.

As part of the claim process (*see* Question 13), Credit Usage Notice Class Members will have the opportunity to access and review a copy of their credit reports.



**8. What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are included in the Settlement, you may call 1-888-222-0691 with questions or visit www.TexasFarmersSettlement.com. You may also write with questions to Texas Farmers Settlement, P.O. Box 9348, Minneapolis, MN 55440-9348.

## THE SETTLEMENT BENEFITS

**9. What does the Settlement provide?**

If the Settlement is approved and becomes final, it will provide certain cash benefits to eligible Class Members. There are approximately 1.8 million members of the Settlement Classes, but not all Class Members are eligible to receive cash payments for rate reductions or discounts. The Defendants will pay a total of $84.38 million to those members of the Rate Class and Discount Class who are eligible to receive a payment from the Settlement. The Defendants will also provide payments of $35 to eligible Credit Usage Notice Class Members who timely file proofs of claim and follow the process outlined in the Claim Form and in section IV(4) of the Settlement Agreement (*see* Question 13).

Policyholders who renewed or received a new HO-A insurance policy from the Defendants after November 11, 2002 and before September 1, 2003, have already received an additional reduction in premiums.

More details are in a document called the Settlement Agreement, which is available at www.TexasFarmersSettlement.com.

**10. What can I get from the Settlement?**

Not every Class Member will receive a payment. The amount of your payment will depend on which Class you are in and whether you are eligible to receive a payment under the terms of the Settlement Agreement. Depending upon your eligibility, you may receive payments under one or more of the Settlement Classes. Class Members may receive the following:

| CLASS | BENEFITS | NEED TO FILE A CLAIM? |
|---|---|---|
| Rate Class | Payments for rate reductions on HO-A premiums (amounts will vary). | No, payments for rate reductions will be automatic for all eligible Rate Class Members. |
| Discount Class | Compensation for eligible Class Members based on negotiated discounts (amounts will vary). | No, payments to eligible Discount Class Members will be automatic. |
| Credit Usage Notice Class | Free access to policyholder credit report from Equifax and $35 payment if you complete the Claim Form process. | Yes (*see* Question 13). |

The Defendants also agreed to replace their Credit Usage Notice forms for Texas homeowners and automobile insurance policies with forms approved by the Texas Department of Insurance (TDI) and agreed to change certain marketing practices.

## 11. When will I receive my payment?

Class Members who are entitled to payments will receive them after the Court grants final approval to the Settlement and after any appeals are resolved (*see* "The Settlement Hearing" below). If there are appeals, resolving them can take time. Please be patient.

## 12. What am I giving up to stay in the Settlement Class?

If the Settlement becomes final, you will give up your right to sue the Defendants for the claims being resolved by this Settlement unless you exclude yourself from the case. The specific claims you are giving up against the Defendants are described in Section I of the Settlement Agreement. You will be "releasing" the Defendants and all related people as described in Section I of the Settlement Agreement. The Settlement Agreement is available at www.TexasFarmersSettlement.com.

The Settlement Agreement describes the "Released Claims" with specific descriptions, so read it carefully. If you have any questions about what this means, you can write to the Office of the Attorney General, Consumer Protection Division, P.O. Box 12548, Austin, TX 78711-2548. You can also talk to your own lawyer, if you have one.

Note: The release does not include individual claims or complaints about claims, payments, handling or processing made by individual policyholders or the TDI. The release also does not include certain claims made in two other class action lawsuits:

- *Geter v. Farmers Group, Inc.*, No. E-0167872—a class action relating to homeowners' insurance requesting a non-monetary judicial statement that Farmers acted improperly in not renewing HO-B policies for the class members, as was certified for a class action in the 172nd District Court of Jefferson County, Texas.
- *State of Texas v. Texas Farmers Insurance Company*, No. GV000271—a class action relating to automobile insurance in the 200th Judicial District Court of Travis County, Texas.

# HOW TO GET BENEFITS

## 13. How do I get benefits?

If you are a member of the Rate Class or Discount Class eligible to receive benefits under the Settlement Agreement, you will receive your payment automatically once the Settlement is finally approved. To file a claim as a member of the Credit Usage Notice Class, you must complete and submit a Claim Form. If you did not receive a Claim Form in the mail, you can request a Claim Form at www.TexasFarmersSettlement.com or by calling 1-888-222-0691. Please read the instructions carefully, fill out the Claim Form and mail it postmarked no later than **Month 00, 2015** to:

Texas Farmers Settlement
P.O. Box 9348
Minneapolis, MN 55440-9348



## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want benefits from this Settlement, and you want to keep the right to sue the Defendants about the issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself—or it is sometimes referred to as "opting out" of the Classes.

| **14. How do I get out of the Settlement?** |
| --- |

To exclude yourself from the Settlement Classes, you must mail a letter that says you want to be excluded from the Settlement in *State of Texas v. Farmers Group, Inc.*, No. GV202501. Your request must include:
- Your name, address, and telephone number;
- Whether you have or had a homeowners or automobile insurance policy from the Defendants, or both;
- The date the policy(ies) began and the most recent date of renewal (if known);
- The policy number(s); and
- Your signature.

You must mail your exclusion request, postmarked no later than **Month 00, 2015**, to:

Texas Farmers Settlement Exclusions
P.O. Box 9348
Minneapolis, MN 55440-9348

You cannot ask to be excluded on the phone, by email, or at the website.

| **15. If I do not exclude myself, can I sue the Defendants for the same thing later?** |
| --- |

No. Unless you exclude yourself, you give up the right to sue the Defendants for the claims that this Settlement resolves.

| **16. If I exclude myself, can I still get benefits from this Settlement?** |
| --- |

No. You will not get the benefits provided if you exclude yourself from the Settlement. However, if you renewed an HO-A homeowners policy with the Defendants, the prospective Rate Reduction was reflected in your premiums between November 10, 2002 and September 1, 2003.

| **17. What about other cases involving the issues in this case?** |
| --- |

You may have received or seen other notices about other class actions about insurance policy options, premium rates, and/or credit usage, including:
- *Fogel v. Farmers Group, Inc.*, No. BC 300142, a nationwide class in the Superior Court for the State of California for the County of Los Angeles (the "Fogel Action");
- *Geter v. Farmers Group, Inc.*, No. E-0167872 in the 172nd District Court in Jefferson County, Texas (the "Geter Action"); and
- *In re: Farmers Insurance Co., Inc. FCRA Litigation*, No. CIV-03-158-F, a nationwide class that includes all cases consolidated and coordinated in MDL No. 1564 in the U.S. District Court for the Western District of Oklahoma (often referred to as the "Mobbs Action").

QUESTIONS? CALL 1-888-222-0691 OR VISIT WWW.TEXASFARMERSSETTLEMENT.COM

- 7 -

If you were a Class Member in the Fogel Action, you are eligible to participate in this Settlement as well.

If you do not exclude yourself from this Settlement, you can receive benefits here and also participate in the Geter Action by seeking a judicial statement that Farmers acted improperly in not renewing HO-B homeowners policies to the class members. However, except as provided in the Settlement Agreement, you will give up all other claims, including any claims for monetary damages, related to the Geter Action.

If you filed a claim in the Mobbs Action (which was also FCRA-related), you are eligible to participate in the Rate Class and Discount Class benefits, but you are not eligible to receive a payment under the Credit Usage Fund.

## WHO REPRESENTS ME IN THIS CASE?

| **18. Who represents my interests in this case?** |
| --- |

Your interests will be represented by the State of Texas through the Office of the Attorney General. You will not be charged for their services. By law, the Office of the Attorney General cannot represent you individually. If you want to be represented individually by your own lawyer, you are free to hire one at your own expense. You may write with any questions you may have about the information in this Notice to:

Office of the Attorney General
Consumer Protection Division
P.O. Box 12548
Austin, TX 78711-2548

## OBJECTING TO THE SETTLEMENT

| **19. How do I tell the Court if I do not like the Settlement?** |
| --- |

If you are a member of the Settlement Classes (and do not exclude yourself), you can object to any part of the Settlement or the Settlement as a whole. To object, you must mail a letter that includes the following:

- A reference at the top to: *State of Texas v. Farmers Group, Inc.,* No. GV202501;
- Whether you intend to appear at the Settlement Hearing in person or through a lawyer (*see* Question 22);
- A detailed statement of the reasons you object to the Settlement;
- Your name (and your previous name if the name on the notice you were mailed was different), address, telephone number, and fax number (if you have one);
- Your type of policy(ies) and the policy number(s); and
- Your signature (or the signature of your authorized representative).

The requirements to object to the Settlement are described in detail in the Settlement Agreement in section VII. You must mail your objection to each of the following three addresses, and your objection must be postmarked by **Month 00, 2015**:

| COURT | ATTORNEY GENERAL | DEFENSE COUNSEL |
|---|---|---|
| District Court Clerk of Travis County, Texas 1000 Guadalupe Street Austin, TX 78701 | Joshua R. Godbey Assistant Attorney General Office of the Attorney General P.O. Box 12548 Austin, TX 78711-2548 | M. Scott Incerto Norton Rose Fulbright US LLP 98 San Jacinto Blvd., Suite 1100 Austin, TX 78701 |

### 20. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you don't exclude yourself from the Classes. Excluding yourself is telling the Court that you don't want to be part of the Classes. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak (see Questions 22 & 23), but you do not have to.

### 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Settlement Hearing at XX:00 x.m. on **Month 00, 2015**, at the District Court of Travis County, Texas, 1000 Guadalupe Street, Austin, TX 78701. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.TexasFarmersSettlement.com or call 1-888-222-0691. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them and will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

### 22. Do I have to attend the hearing?

No. The Office of the Attorney General will answer any questions the Court may have. But you or your own lawyer are welcome to attend at your expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also have your own lawyer attend, but it is not necessary.

### 23. May I speak at the hearing?

You may ask the Court for permission to speak at the Settlement Hearing.

## GETTING MORE INFORMATION

### 24. How do I get more information?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.TexasFarmersSettlement.com. You also may write with questions to Texas Farmers Settlement, P.O. Box 9348, Minneapolis, MN 55440-9348 or call the toll-free

QUESTIONS? CALL 1-888-222-0691 OR VISIT WWW.TEXASFARMERSSETTLEMENT.COM



number, 1-888-222-0691.  You can also request a Claim Form at the website, or by calling the toll free number.

You may also write with any questions you may have about the information in this Notice to: Office of the Attorney General, Consumer Protection Division, P.O. Box 12548, Austin, TX 78711-2548.  You can also get a copy of the Settlement Agreement at that address or at www.tdi.state.tx.us.  Please do not contact the Court with any questions about the Settlement Agreement.

# Exhibit 2



<table>
<tr><td>

**Must Be
Postmarked
No Later Than
Month 00, 2015**

</td><td>

Texas Farmers Settlement Administrator
P.O. Box 9348
Minneapolis, MN 55440-9348

</td></tr>
</table>

<br>

| NAME / ADDRESS CORRECTIONS |
| --- |
| |

## CLAIM FORM

## TEXAS FARMERS SETTLEMENT

TO: *<PREPRINT NAME>*

If you are a member of the Rate Class or Discount Class, you will receive your payment automatically once the Settlement is finally approved. To file a claim as a member of the Credit Usage Notice Class, you must complete and submit this Claim Form providing the information requested below.

More information is available at the official Settlement website, www.TexasFarmersSettlement.com or call 1-888-222-0691. Please print clearly in blue or black ink. This Claim Form must be mailed and postmarked by **Month 00, 2015.**

### 1. CLASS MEMBER INFORMATION.

Name of Class Member: _____

Address: _____

_____

Telephone Number: (_____) _____

### 2. INSURANCE POLICY INFORMATION.

**Homeowners' Policy Information (if applicable):**

Name(s) of Insured(s), if different from above: _____

Policy Number(s): _____  Starting Date of Policy(ies): _____

Address of Insured Premises: _____

_____

Name of Agent: _____

**Automobile Policy Information (if applicable):**

Name(s) of Insured(s), if different from above: _____

Policy Number(s): _____  Effective Date of Policy(ies): _____



Address(es) of Insured(s), if different from above: _____

_____

Name of Agent: _____

Vehicle Identification Number (VIN) of Insured Vehicle: _____

## 3. SIGN AND DATE YOUR CLAIM FORM.

I declare under penalty of perjury that:

☐ I have not opted out of the Settlement Classes in this case and will not request exclusion from the Settlement Classes;

☐ I did not submit a claim form in the settlement in *In re Farmers Insurance Co, Inc. FCRA Litigation.* (also called the "Mobbs Action"), No. CIV-03-158-F, including all cases consolidated and coordinated in MDL No. 1564, in the U.S. District Court for the Western District of Oklahoma, which was finally approved on September 29, 2011;

☐ I have read and understand the contents of this Claim Form; and

☐ I am voluntarily submitting to the jurisdiction of the 261st Judicial District Court of Travis County, Texas for the purposes of this claim.

_____
*Signature*

_____                ____/____/_____
*Print Name*                                                                              *Month/Day/Year*

## 4. MAIL YOUR CLAIM FORM.

This Claim Form must be postmarked by **Month 00, 2015** and mailed to: Texas Farmers Settlement Administrator, P.O. Box 9348, Minneapolis, MN 55440-9348.



# Exhibit 3



Legal Notice

# If You Had Home or Auto Insurance in Texas,

## *You Could Benefit From A Class Action Settlement*

A Settlement has been reached with certain Insurance Exchanges and Providers ("the Defendants") in a class action lawsuit about the pricing and marketing of homeowners and automobile insurance policies. A complete list of Defendants is available at www.TexasFarmersSettlement.com. The Settlement provides payments to eligible policyholders.

### What Is This About?

The State of Texas claims that, during 1999 to 2003, the Defendants charged rates that resulted in excessive premiums for its HO-A homeowners policy and used unfair or deceptive practices involving the determination of certain fees, discounts, and policy offerings, and improper use of credit scoring and certain risk assessments.

The lawsuit also claims that, during the same time frame, the Defendants: 1) failed to provide adequate notices that information on certain policyholders' credit reports may have impacted their premiums or policy placement, 2) used anticompetitive practices in the sale and marketing of homeowners and automotive insurance policies, and 3) improperly stopped offering HO-B homeowners policies. The Defendants deny these claims and maintain they did nothing wrong.

### Who's Included?

Generally, the Settlement includes Texas homeowners or automobile insurance policyholders who had certain types of insurance policies with the Defendants between October 1, 1999 and February 28, 2003. The Settlement includes three Classes: Rate, Discount, and Credit Usage Notice. You may be member of more than one Class. More information about included policies is available at the website.

### What Can You Get?

The Defendants will pay rate reductions or discounts to the Rate Class and Discount Class Members (calculated on a case-by-case basis) and provide an additional sum to be paid to Rate Class and Discount Class Members with eligible claims proportionally. The Defendants will also provide payments of $35 to eligible Credit Usage Notice Class Members for not receiving adequate notice about the Defendants' use of their credit information. Policyholders who renewed or received a new HO-A insurance policy from the Defendants after November 11, 2002 and before September 1, 2003, have already received an additional reduction in premiums.

### How to Get Benefits.

Payments to the Rate and Discount Classes will be made automatically. You must submit a Claim Form by **Month 00, 2015** to get benefits as a Credit Usage Notice Class Member. If you did not receive one in the mail, you may request a Claim Form at the website or by calling 1-888-222-0691.

### Your Other Rights.

If you don't want a payment from this Settlement and you don't want to be legally bound by it, you need to exclude yourself in writing by **Month 00, 2015** or you won't be able to sue the Defendants about the claims in this case. If you ask to be excluded, you can't get a payment from the Settlement. If you stay in the Settlement, you may object to it by **Month 00, 2015**, but will be bound by the terms of the Settlement if it is approved by the Court.

You may have received or seen other notices about other class actions about insurance policy options, premium rates, and/or credit report usage. The website has more information about how these cases affect your eligibility to participate in this Settlement.

The Court will hold a hearing on **Month 00, 2015** to consider whether to approve the Settlement. You can appear at the hearing, but you don't have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**For complete information: Visit: www.TexasFarmersSettlement.com**
**Call: 1-888-222-0691**

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 7/16/2015

VELVA L. PRICE
DISTRICT CLERK
By Deputy:


# Exhibit 2

**TO APPELLEES' JOINT MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION AND REQUEST FOR
EXPEDITED CONSIDERATION OF MOTION**



CAUSE NO. GV202501

| THE STATE OF TEXAS, THE TEXAS | § | IN THE DISTRICT COURT |
| DEPARTMENT OF INSURANCE, and | § | |
| THE TEXAS COMMISSIONER OF | § | |
| INSURANCE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| FARMERS GROUP, INC., FARMERS | § | |
| UNDERWRITERS ASSOCIATION, FIRE | § | OF TRAVIS COUNTY, TEXAS |
| UNDERWRITERS ASSOCIATION, | § | |
| FARMERS INSURANCE EXCHANGE, | § | |
| FIRE INSURANCE EXCHANGE, TEXAS | § | |
| FARMERS INSURANCE COMPANY, | § | |
| MID-CENTURY INSURANCE COMPANY | § | |
| OF TEXAS, MID-CENTURY INSURANCE | § | |
| COMPANY, FARMERS TEXAS COUNTY | § | |
| MUTUAL INSURANCE COMPANY, | § | |
| TRUCK INSURANCE EXCHANGE, and | § | |
| TRUCK UNDERWRITERS | § | 261ST JUDICIAL DISTRICT |
| ASSOCIATION, | | |
| | | |
| Defendants. | | |

## ORDER OF PRELIMINARY APPROVAL

This matter came on for hearing May 19-22, 2003, for preliminary approval of the

Settlement Agreement and Stipulation of December 18, 2002, as amended on June 13, 2003,

("Settlement Agreement") between the State of Texas, the Texas Department of Insurance, and

the Texas Commissioner of Insurance, on behalf of Texas policyholders of the Defendants in the

classes defined below (collectively, the "State") and Fire Underwriters Association, Farmers

Group, Inc. d/b/a Farmers Underwriters Association, Farmers Insurance Exchange, Fire

Insurance Exchange, Texas Farmers Insurance Company, Mid-Century Insurance Company of

Texas, Mid-Century Insurance Company, Farmers Texas County Mutual Insurance Company,

30491649.1





Truck Insurance Exchange, and Truck Underwriters Association (collectively, the "Farmers Parties"). The State and the Farmers Parties have moved jointly, pursuant to Texas Rule of Civil Procedure Rule 42(e) and Texas Insurance Code article 21.21 § 18(g), for an Order of Preliminary Approval (the "Order") (1) preliminarily approving the settlement of all claims asserted in the above-captioned cause (the "Action"), the terms of which are set forth in the Settlement Agreement which has been filed with the Clerk of the Court, and (2) approving the proposed notice to the Classes.

The Court having read and considered the Settlement Agreement and attached exhibits, including the proposed Notice of Proposed Class Settlement, the proposed Claim Form, the proposed form of Final Judgment, exhibits, pleadings and record in this case, the evidence and other materials presented at the hearing, and argument of counsel and applicable authorities, finds that there exists substantial and sufficient grounds for entering this Order.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement.

2.      Pursuant to Rule 42 and Texas Insurance Code article 21.21 §§ 17 & 18, this Court hereby certifies, only for purposes of effectuating the Settlement Agreement, the following Settlement Classes (the "Settlement Classes"):

> (i)     All of the Exchanges' Texas homeowners insurance policyholders (a) whose homeowners insurance policy incepted (including renewals) from December 28, 2001, through and including December 27, 2002, or (b) who received a notice at any time after November 14, 2001, that their HO-B policy would not be renewed (the "Rate Class");
>
> (ii)    All of the Exchanges' Texas homeowners insurance policyholders who according to Farmers' records were eligible to receive discounts for FPRA, age of home, or territory from November 16, 2000, through and including December 10, 2002 (the "Discount Class"); and

30491649.1

-2-




(iii) All Texas homeowners or automobile insurance policyholders of the Exchanges or the Automobile Insurance Providers who according to Farmers' records were provided or should have been provided a Credit Usage Notice from October 1, 1999, through February 28, 2003 (the "Credit Usage Notice Class").

3. The Court hereby acknowledges and confirms the State, through the Office of the Attorney General, to fulfill the role of the Settlement Classes' Counsel. The Court finds that the Attorney General's office is authorized to bring this class action by the *parens patriae* authority granted in section 17 of article 21.21 of the Insurance Code and Rule 42 of the Texas Rules of Civil Procedure.

4. Alternatively, if the requirements of Rule 42(a) & (b) and article 21.21 § 18(a) & (b) must be satisfied, then, with respect to the Settlement Classes, this Court finds and concludes that each of those requirements has been met, specifically: (a) each of the Settlement Classes is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Classes which predominate over any individual questions; (c) the claims or defenses brought by the State on behalf of Farmers' policyholders are typical of the claims or defenses of the Settlement Classes and the State is authorized to bring claims on behalf of the Settlement Classes; (d) in negotiating and entering into the Settlement Agreement, the State has fairly and adequately represented and protected the interests of the Settlement Classes; (e) the questions of law or fact common to the Settlement Classes predominate over any questions affecting only individual members; and (f) certifying this Action as a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court further finds that there has been no collusion between the State and the Farmers Parties with respect to negotiating the Settlement Agreement and that the State has represented, and will continue to represent, the interests of the Farmers' policyholders fairly and adequately and without a conflict of interests. Accordingly, the Court preliminarily approves:

30491649.1 -3-

(a) the Settlement Agreement, including the terms and the releases set forth therein, as being fair, just, reasonable, and adequate as to each of the parties thereto, and (b) the Settlement Funds described therein, including the Prospective Rate Reduction, Retrospective Rate Reduction, Individualized Discount Adjustment, and Credit Usage Notice Adjustment Fund, and the proposed additional consideration, subject to the right of any member of the Settlement Classes to exclude himself or herself from the Settlement Classes in accordance with the terms set forth in the Settlement Agreement, and to show cause, if any exists, why a Final Judgment should not be entered in accordance with the terms of the Settlement Agreement.

6.     A hearing (the "Settlement Hearing") shall be held before this Court on September 29, 2003, at 9:00 a.m. in the 53rd Judicial District Court Room: (a) to determine whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be approved, and whether the Final Judgment should be entered as to claims asserted therein, or which could have been asserted, against the Released Parties on the merits; (b) to determine whether the Settlement Classes members' right to adequate representation has been satisfied; and (c) to reserve jurisdiction to effect and enforce the Settlement Agreement.

7.     The Farmers Parties shall disseminate notice of the proposed Settlement Agreement and Settlement Hearing to putative members of the Settlement Classes within thirty (30) days of the date of this Order. A copy of the Notice of Proposed Class Settlement (the "Notice"), together with a copy of the Claim Form, substantially in the form attached hereto as Exhibit A, shall be mailed by first-class U.S. mail, postage prepaid, to all members of the Settlement Classes at the address of each such person as set forth in the records of the Released Parties or as otherwise may be identified through reasonable effort. In addition, commencing within seven (7) days of the date of this Order and continuing until the date of the Settlement

30491649.1                                    -4-



Hearing, the Office of the Attorney General, the Texas Department of Insurance, and the Farmers Parties shall post on their respective Internet web-sites (www.oag.state.tx.us, www.tdi.state.tx.us and www.farmers.com) the Notice and a Summary Notice of Settlement, substantially in the form attached hereto as Exhibit B ("Summary Notice").

8.  The Court approves the form of Notice, the Summary Notice, and the Claim Form, and finds that the procedures established for mailing and distributing such notices substantially in the manner and form set forth in paragraph 7 of this Order meet the requirements of Rule 42 of the Texas Rules of Civil Procedure, article 21.21 § 18 of the Texas Insurance Code, and due process, and constitute the best notice practicable under the circumstances.

9.  To effectuate the provision of notice provided in paragraph 7 hereof, the Farmers Parties shall be responsible for the receipt of all responses from the members of the Settlement Classes and, until further order of this Court, shall preserve all entries of appearance, Claim Forms, requests for exclusion, and any and all other written communications from members of the Settlement Classes or any other person in response to the Notice. The costs of notification of the Settlement Classes as provided herein, including printing, mailing, and posting on the Internet of all required notices, shall be borne by the party charged with the responsibility for such actions in paragraph 7 of this Order.

10.  Three (3) days before the date fixed by this Court for the Settlement Hearing, the State and the Farmers Parties shall cause to be filed with the Clerk of the Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the distribution of the Summary Notice by posting on the web-sites identified in paragraph 7 shall have been made, showing that such mailing and publication have been made in accordance with this Order.



30491649.1

-5-



11. Each member of the Settlement Classes will be bound by the proposed settlement provided for in the Settlement Agreement, and by the Final Judgment or any other determination by this Court affecting the Settlement Classes, unless such member shall mail, by first-class U.S. mail, a written request for exclusion from the Settlement Classes, post-marked no later than August 29, 2003, addressed to "Exclusion Requests", c/o Rust Consulting, Inc.; P.O. Box 9348; Minneapolis, MN 55440-9348. Such request for exclusion must state (a) the name, address and telephone number of the person seeking exclusion; (b) whether such person has a homeowners or automobile insurance policy from the Farmers Parties, or both; (c) the date of inception of such policy(ies) and the most recent date of renewal for such policy(ies), if available; (d) the policy number(s), if available; and (e) that the person making the request wishes to be excluded from the Settlement Classes. Because the Settlement Agreement is intended to be a resolution of all Released Claims, any person requesting exclusion must either exclude himself or herself from the Settlement Agreement in its entirety, or submit to the Settlement Agreement in its entirety. A request for exclusion shall not be effective unless it is made in the manner and within the time set forth in this paragraph and in the Notice. If a member of the Settlement Classes requests to be excluded, that person will not receive any benefit from the Retrospective Rate Reduction, the Individualized Discount Adjustment, or the Credit Usage Notice Adjustment Fund provided for in the Settlement Agreement, in the event the Settlement Agreement is approved by the Court, nor will such person be permitted to participate further in the Action. Any Class Member who does not request exclusion in the manner provided for herein may, but need not, enter an appearance in this Action at his or her own cost through counsel of his or her own choice. If a member of the Settlement Classes does not enter an appearance, that person's interests will be represented by the State in the Action.





12.	Any member of the Settlement Classes who has not requested exclusion from the Settlement Classes may appear at the Settlement Hearing, in person or through counsel, to object and be heard in opposition to any of the matters to be heard at the Settlement Hearing, including (a) the requested approval of the Settlement Agreement as fair, adequate, and reasonable, and/or (b) the requested entry of the Final Judgment. A member of the Settlement Classes cannot request exclusion from the Settlement Classes AND object to the Settlement Agreement. For any objection to be considered by the Court, the objector must mail a valid written objection, and it must be postmarked by no later than August 29, 2003. In order to be valid, the written objection must set forth (a) a reference, at the top, to "State of Texas v. Farmers, Cause No. GV202501," (b) a statement as to whether the objector intends to appear at the Settlement Hearing, either in person or through counsel, (c) a detailed statement of the specific basis for the objection, (d) the name that is set forth on the Notice that was sent to the objector, (e) the objector's current name, if different from the name set forth on the Notice, (f) the objector's current address, (g) the objector's current telephone number and, if available, telecopier number, (h) the objector's type of policy and policy number, and (i) the objector's signature or that of his or her authorized representative. Three copies of the written objection must be sent, the first addressed to the District Clerk of Travis County, Texas, 1000 Guadalupe Street, Austin, Texas 78701, the second addressed to David C. Mattax, Chief, Financial Litigation Division, P.O. Box 12548, Austin, Texas 78711-2548, and the third addressed to Richard N. Carrell, Fulbright & Jaworski L.L.P., 1301 McKinney, Suite 5100, Houston, Texas 77010-3095. If an objection does not include all of the required information or if it is not timely mailed to the three correct addresses, then it shall be invalid and it will not be considered by the Court. Any member of the Settlement Classes who does not object in the manner provided shall be deemed to have waived

30491649.1	-7-



such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement Agreement and the proposed Final Judgment.

13.     If the Court gives final approval to the Settlement Agreement and enters a final judgment, in order to be entitled to participate in the Credit Usage Notice Adjustment Fund portion of the Settlement Agreement, a member of the Credit Usage Notice Class who has not requested exclusion from the Settlement Classes must submit a Claim Form, substantially in the form attached as Exhibit C hereto, to the Farmers Parties at the address set forth in the Notice. Such Claim Form must be completed and postmarked on or before May 15, 2004. Any member of the Credit Usage Notice Class who does not submit a completed Claim Form shall not be entitled to share in the Credit Usage Notice Adjustment Fund but nonetheless shall be bound by the terms of the Settlement Agreement and by the Final Judgment and any other Order of this Court approving the Settlement Agreement, including all releases therein, and shall be barred and enjoined in this or any other action from asserting any Released Claims.

14.     Members of the Rate and Discount Classes shall automatically receive their share of Settlement Funds upon final approval of the Settlement Agreement and entry of final judgment, unless they file a written request for exclusion from the Settlement Classes as provided in paragraph 11 herein.

15.     The Court expressly retains the power to adjourn the Settlement Hearing, without any further notice other than an announcement at the Settlement Hearing of adjournment thereof, and to approve, modify, or disapprove the Settlement Agreement without further notice to members of the Settlement Classes. The Court retains jurisdiction over this Action to consider all further applications arising out of or connected with the proposed settlement herein.



30491649.1                                              -8-



16.     The administration of the Settlement Agreement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Settlement Fund, shall be under the authority of the Court. The parties to this Settlement Agreement, counsel herein in any capacity in which they may act hereunder, and any employees or agents of such law firms or the parties to the Settlement Agreement (including, without limitation, those employees who may furnish services in connection with the proposed Settlement) shall not be liable for anything done or omitted in connection with the Settlement Agreement and the administration thereof except for their own willful misconduct.

17.     The parties to the Settlement Agreement are directed to carry out their obligations under the Settlement Agreement.

18.     In the event that the Settlement Agreement is not approved by the Court, or the Court enters the Final Judgment and it is vacated or modified on appeal, or otherwise altered in a material way, or the Effective Date for any other reason does not occur, and if any party to the Settlement Agreement thereafter exercises its right to terminate the Settlement Agreement as provided therein, then the Settlement Agreement and any actions to be taken in connection therewith shall be vacated and terminated and shall become null and void for all purposes, and all negotiations, transactions and proceedings connected with it (a) shall be without prejudice to the rights of any party hereto; (b) shall not be deemed or construed as evidence or an admission by any party of any fact, matter or thing; and (c) shall not be admissible in evidence or used for any purpose in any subsequent proceeding in the Action, or any other action or proceeding in this or any other forum, judicial, administrative, or otherwise, except proceedings to enforce the Settlement.



SIGNED **June 27**, 2003.



PRESIDING JUDGE

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **7/16/2015**

**VELVA L. PRICE**
**DISTRICT CLERK**
**By Deputy:**



30491649.1

-10-



# Exhibit 3

**TO APPELLEES' JOINT MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION AND REQUEST FOR
EXPEDITED CONSIDERATION OF MOTION**

REPORTER'S RECORD
VOLUME 2 OF 2 VOLUMES
TRIAL COURT CAUSE NO. D-1-GV-02-002501

STATE OF TEXAS, THE TEXAS ) IN THE DISTRICT COURT
DEPARTMENT OF INSURANCE, )
AND THE TEXAS )
COMMISSIONER OF )
INSURANCE, )
      Plaintiffs, )
)
VS. )
)
)
FARMERS GROUP, INC., )
FARMERS UNDERWRITERS ) TRAVIS COUNTY, TEXAS
ASSOCIATION, FIRE )
UNDERWRITERS ASSOCIATION, )
FARMERS INSURANCE )
EXCHANGE, FIRE INSURANCE )
EXCHANGE, TEXAS FARMERS )
INSURANCE COMPANY, )
MID-CENTURY INSURANCE )
COMPANY OF TEXAS, AND )
FARMERS TEXAS COUNTY )
MUTUAL INSURANCE COMPANY, )
      Defendants. ) 261ST JUDICIAL DISTRICT

-----------------------------------------------------

HEARING ON JOINT MOTION FOR
PRELIMINARY APPROVAL OF SECOND AMENDED
SETTLEMENT AGREEMENT

-----------------------------------------------------

On the 2nd day of July, 2015, the following

proceedings came on to be heard in the above-entitled

and numbered cause before the Honorable Scott H.

Jenkins, Judge presiding, held in Austin, Travis County,

Texas;

Proceedings reported by machine shorthand.

**A P P E A R A N C E S**

FOR THE PLAINTIFFS, THE STATE OF TEXAS, THE TEXAS DEPARTMENT OF INSURANCE, AND THE TEXAS COMMISSIONER OF INSURANCE:

    JOSHUA GODBEY
    SBOT NO. 24049996
    RYAN MINDELL
    SBOT NO. 24089707
    JENNIFER JACKSON
    SBOT NO. 24060004
    Assistant Attorney General
    OFFICE OF THE ATTORNEY GENERAL
    P.O. Box 12548
    Austin, Texas  78711-2548
    (512) 475-4209


FOR DEFENDANTS FIRE UNDERWRITERS ASSOCIATION, FARMERS GROUP, INC., FARMERS INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, TEXAS FARMERS INSURANCE COMPANY, MID-CENTURY INSURANCE COMPANY OF TEXAS, MID-CENTURY INSURANCE COMPANY, FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, TRUCK INSURANCE EXCHANGE, AND TRUCK UNDERWRITERS ASSOCIATION:

    M. SCOTT INCERTO
    SBOT NO. 10388950
    NORTON ROSE FULBRIGHT
    98 San Jacinto Boulevard, Suite 1100
    Austin, Texas  78701
    (512) 474-5201

    DARRYL ANDERSON
    SBOT NO. 24008694
    NORTON ROSE FULBRIGHT
    1301 McKinney, Suite 5100
    Houston, Texas  77010-3095
    (713) 651-5151

    MARCY HOGAN GREER
    SBOT NO. 08417650
    ALEXANDER, DUBOSE, JEFFERSON & TOWNSEND
    515 Congress Avenue, Suite 2350
    Austin, Texas  78701
    (512) 482-9300

**A P P E A R A N C E S**
**(CONTINUED)**


FOR INTERVENORS GERALD HOOKS AND LESLY HOOKS:

    JOSEPH BLANKS
    SBOT NO. 02456770
    LAW OFFICE OF JOSEPH C. BLANKS
    P.O. Box 999
    Doucette, Texas  75942
    (409) 837-9707


FOR INTERVENOR MICHAEL J. WOODS:

    MICHAEL J. WOODS, PRO SE
    8620 N. New Braunfels #522
    San Antonio, Texas  78217
    (210) 822-1560


FOR INTERVENOR CHARLES O. "CHUCK" GRIGSON:

    JOE K. LONGLEY
    SBOT NO. 12542000
    LAW OFFICE OF JOE K. LONGLEY
    1609 Shoal Creek Boulevard, Suite 100
    Austin, Texas  78701
    (512) 477-4444

    PHILIP K. MAXWELL
    SBOT NO. 13254000
    LAW OFFICE OF PHILIP K. MAXWELL
    1609 Shoal Creek Boulevard, Suite 100
    Austin, Texas  78701
    (512) 947-5434

**I N D E X**

**VOLUME 2**

**HEARING ON JOINT MOTION FOR
PRELIMINARY APPROVAL OF SECOND AMENDED
SETTLEMENT AGREEMENT**

**JULY 2, 2015**

**DEFENDANT FARMERS' WITNESSES**

|  | Direct | Cross | Vol. |
|---|---|---|---|
| RONALD MYHAN |  |  |  |
| By Mr. Incerto | 5 |  | 2 |
| By Mr. Mindell |  | 51 | 2 |
| By Mr. Maxwell |  | 56 | 2 |
| By Mr. Incerto | 105 |  | 2 |

|  | Page | Vol. |
|---|---|---|
| Defendants Farmers rest.................... | 107 | 2 |
| All parties close........................ | 107 | 2 |
| Statements by Mr. Blanks (in lieu of opening statements earlier)............ | 108 | 2 |
| Statements by Mr. Woods.................... | 109 | 2 |
| Statements by Ms. Greer................... | 110 | 2 |
| Court's Ruling............................ | 116 | 2 |
| Adjournment............................... | 135 | 2 |
| Court Reporter's Certificate.............. | 136 | 2 |

MR. INCERTO: I think the end --

THE COURT: Do we need to discuss all these time periods on the record or may I give the court reporter a break now?

MR. LONGLEY: I want to make an objection on the record before we go off the record, Your Honor, regarding the form of the order that you're about to sign. We object to the form.

THE COURT: Then tell me what the defect is in the form of the order.

MR. LONGLEY: The defect is that, number one, we were just handed this order. It was not attached as part of the moving papers. The one that was attached to the moving papers in Paragraph 2 says this Court hereby certifies classes, and this is the first time we've seen an order that does not certify classes.

THE COURT: That's because their position, as you know, all along in this joint motion has been that the class was previously certified -- or the Court gave preliminary approval before, it's come back to the Court and that the class has never been decertified. That's -- has that been your argument?

MS. GREER: Yes, Your Honor.

MR. GODBEY: Yes, Your Honor.

THE COURT: And so what you like about

that other order is that it suggests that I have to go back and recertify the class, and that's what you'd like me to put in the order, right?

MR. LONGLEY: Either that or that you refuse to certify a class in this particular order for the reason that you're adopting their view that it's already been certified and you're applying that certification in 2003 to this new 2015 settlement.

THE COURT: No, I understand what they're doing in this order, and I thought about that very thing as I read it, just as you did, and I am going to sign the order as they've presented it.

MR. LONGLEY: And --

THE COURT: But I understand why you don't like that.

MR. LONGLEY: Well, the point -- the reason we don't like it is it's an attempt through collusion to deny these -- let me finish, please.

THE COURT: Well, I'm not going to morph into argument. I'm only going to talk about the form of the order. And I understand why you don't want me to sign the order, but I don't want to morph into argument now, which it sounds like you want to do, and I understand that, but we're not going to do that.

Is there any other defect in the form of

have, I want to know by what time this afternoon you're going to put that in an e-mail to the Court so I can give one last thought to that. I'm not going to rethink my decision, but I am thinking about the form of the order.

MR. LONGLEY: I think I can meet that timetable so long as I get what they're going to send over to me reasonably soon.

THE COURT: Well, that's just nit corrections with dates. I need to know anything in addition to the thing that you said earlier such as, well, this changes what you're saying about the class certification. Yes, yes it does, in some respects, and I'm signing it. If there's anything else like that, I need to know by 3:00, 4:00 at the latest. I would hope by 3:00. I would hope you could go back right now and compare it and tell me anything else that you couldn't -- because I know you've read this thoroughly before.

MR. LONGLEY: I guess what I need to know is the Court is not going to entertain any alternative order to refuse with regard to what we might want to submit?

THE COURT: I'm not going to entertain any substantive differences, that's correct.

MR. LONGLEY: Such as the certification.

THE COURT: That's correct. That's exactly right.

MR. LONGLEY: We're addressing that right now.

THE COURT: Exactly, we are addressing that right now. And I understood that from the briefing you gave me in advance of this hearing that you were each trying to spin my prior comments on the record to be a "oh, we need to recertify this class" from your perspective and "no we don't" from their perspective. I understood that completely.

MR. LONGLEY: And I think I do, too, Your Honor, that this particular settlement that you're approving will not have a separate certification or refusal to certify.

THE COURT: It's going to be the order they've proposed.

MR. LONGLEY: I gotcha. And I can get back to you by 5:00 o'clock today or to e-mail Ms. Daniel.

THE COURT: No.

MR. MAXWELL: 4:00 o'clock, Joe.

THE COURT: No, by 4:00 o'clock.

MR. LONGLEY: 4:00 o'clock. Okay. Sorry.

THE COURT:  Okay.  Good.  All right.  Any other questions or statements on the record before I let the court reporter get a well-deserved break?

MR. INCERTO:  Nothing further.

MR. GODBEY:  Nothing further, Your Honor.

MR. LONGLEY:  Nothing further.

MR. BLANKS:  Nothing from the Hooks, Your Honor.

MR. WOODS:  Nothing.

THE COURT:  All right.  Thank you all.

*(Court adjourned)*

**REPORTER'S CERTIFICATE**

THE STATE OF TEXAS    )

COUNTY OF TRAVIS      )

          I, Chavela V. Crain, Official Court Reporter in and for the 53rd District Court of Travis County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

    I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered in evidence by the respective parties.

    WITNESS MY OFFICIAL HAND this the 12th day of July, 2015.

*/s/ Chavela V. Crain*
Chavela V. Crain
Texas CSR 3064, RMR, CRR
Expiration Date:  12/31/2015
Official Court Reporter
53rd District Court
Travis County, Texas
P.O. Box 1748
Austin, Texas 78767
(512) 854-9322